# Illinois Official Reports

## Appellate Court

<div style="border: 2px solid;">

*Engle v. Department of Financial & Professional Regulation*,
2018 IL App (1st) 162602

</div>

| | |
|---|---|
| Appellate Court Caption | ELIZABETH ENGLE, Plaintiff-Appellant, v. THE DEPARTMENT OF FINANCIAL AND PROFESSIONAL REGULATION; THE REAL ESTATE APPRAISAL ADMINISTRATION AND DISCIPLINARY BOARD; BRYAN SCHNEIDER, in His Official Capacity as Secretary of the Illinois Department of Financial and Professional Regulation; and KREG ALLISON, in His Official Capacity as Acting Director of the Division of Real Estate of the Illinois Department of Financial and Professional Regulation, Defendants-Appellees. |
| District & No. | First District, Fifth Division<br>Docket No. 1-16-2602 |
| Filed | March 23, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 16-CH-04243; the Hon. Sophia H. Hall, Judge, presiding. |
| Judgment | Circuit court judgment reversed.<br>Board decision reversed and remanded. |
| Counsel on Appeal | Richardson Maraj (John Richardson, of counsel), and Alan Rhine, both of Chicago, for appellant. |

Lisa Madigan, Attorney General, of Chicago (David L. Franklin, Solicitor General, and Janon E. Fabiano, Assistant Attorney General, of counsel), for appellees.

Panel                           JUSTICE LAMPKIN delivered the judgment of the court, with opinion.
Presiding Justice Reyes and Justice Rochford concurred in the judgment and opinion.

## OPINION

¶ 1      Plaintiff Elizabeth Engle filed a complaint for administrative review, which challenged the final administrative decision that revoked her real estate appraiser license after a default order for failure to file an answer was entered against her and the disciplinary board held its deliberations on the pleadings. The circuit court affirmed the final administrative decision against Engle.

¶ 2      On appeal, Engle argues that this court should reverse the administrative decision because she did not forfeit her right to a hearing and the agency violated her due process rights when it failed to consider and grant her timely motion to vacate the default order and denied her request to conduct a hearing on the merits. In the alternative, Engle argues that the revocation of her license based on the default order was improper without some type of prove-up proceeding and was an overly harsh penalty.

¶ 3      Based on the following, we reverse the circuit court's judgment that affirmed the final administrative decision revoking Engle's license. We remand this cause to the agency for further proceedings consistent with this opinion.

¶ 4                              I. BACKGROUND

¶ 5      In 2013, Engle submitted an application to defendant, the Department of Financial and Professional Regulation (Department), for a certified residential real estate appraiser license. The Department, however, notified her about alleged discrepancies in her 2013 application. Engle, with the assistance of an attorney, engaged in meetings and conversations with Department employees and thereafter withdrew her 2013 application.

¶ 6      On September 11, 2014, Engle submitted another application and subsequently received her certified residential real estate appraiser license. However, on June 29, 2015, the Department filed a complaint containing 127 counts against her, alleging that she failed to sufficiently explain additional hours listed in her application, in violation of section 15-10(a)(2) of the Real Estate Appraiser Licensing Act of 2002 (Act) (225 ILCS 458/15-10(a)(2) (West 2014)) and her application included false information, in violation of sections 15-10(a)(1), (5), (10), and (26) of the Act (*id.* § 15-10(a)(1), (5), (10), (26)).

¶ 7      Specifically, count I of the complaint alleged that Engle's 2014 application included work log forms that requested credit for 779 additional experience hours earned between August 1,

2014, and September 10, 2014, but failed to provide a sufficient explanation for the additional requested hours. Furthermore, counts II through CXXVII alleged that Engle's 2014 application included false information because the certified number of hours worked for 126 appraisals differed from the certified number of hours worked for those same appraisals as listed in her prior 2013 application. Based on the allegations of the complaint, the Department requested that Engle's license be suspended or revoked or that she be otherwise disciplined. The Department notified Engle that she was required to file an answer within 20 days, the failure to file an answer or otherwise plead "may result in a default being taken against [her]," and her attendance at a July 28, 2015, preliminary hearing was mandatory.

¶ 8 On July 17, 2015, Engle's counsel, Augustine, Kern and Levens, Ltd. (AKL), filed a motion for extension of time, incorrectly referencing an August 4, 2015, preliminary hearing and explaining that Jeffrey Levens, the AKL partner who had been handling Engle's case, died unexpectedly on July 6, 2015. On July 21, 2015, AKL partner Algis Augustine and junior associate James Ko filed appearances on behalf of Engle.

¶ 9 On July 28, 2015, neither Engle nor her counsel appeared at the preliminary hearing. The administrative law judge (ALJ) ordered Engle to answer or otherwise plead by September 8, 2015, or be held in default. The ALJ set the matter for a status hearing on September 29, 2015. The order warned that the "[f]ailure to attend or to file an answer shall result in the transferring of the matter to the Board on the pleadings, and the entry of a finding in favor of the Department on all allegations." According to documents in the record subsequently filed by Engle's counsel, they did not appear at the July 28 preliminary hearing because they requested but did not receive from the Department copies of all the pleadings and notices.

¶ 10 On September 8, 2015, Engle's counsel AKL filed a motion to dismiss the complaint. One of the attorneys who signed the motion was John Richardson, who was a partner of Richardson Maraj, LLC. (As explained in documents subsequently filed on Engle's behalf, Richardson shared office space at AKL and helped after the death of Levens by working as "of counsel" on Engle's case and many other AKL cases.) The motion argued that the complaint failed to allege any facts to support an inference that Engle acted knowingly and intentionally to deceive anyone. The motion explained that Engle withdrew her 2013 application because Department employees informed her that she (1) could not receive credit for 855 hours of appraisals where her supervisor did not sign those work logs before his death and (2) must report in her subsequent application the actual number of hours worked despite, according to Engle, contrary or confusing instructions on the Department's forms, which indicated that applicants must cap their appraisal work hours at a maximum of either 10 or 15 hours. Accordingly, Engle had underreported her number of hours worked in her prior 2013 application, and the certified number of hours worked in her 2014 application was correct and complied with the instructions of the Department's employees. Several exhibits were attached to the motion, including correspondence between the Department and Engle or her attorneys, the minutes of a Department meeting, portions of Engle's 2013 application, and her transcript and course completion certificates. The Department responded to the motion on September 15, and AKL filed a reply on September 29.

¶ 11 On September 29, 2015, AKL filed a motion to disqualify the Department's counsel, alleging that he was a necessary witness in this case. The ALJ set a schedule for the parties to file replies to the motion and continued the matter to December 1, 2015.

¶ 12        On October 14, 2015, the ALJ issued a written order denying Engle's motion to dismiss the complaint. The ALJ rejected Engle's argument that the complaint failed to allege sufficient facts to form a basis for discipline. The ALJ also ordered Engle to file her answer by November 2, 2015, and set the matter for a status hearing on December 1, 2015. The October 14 order, unlike previously served documents, was addressed to Engle's attorney Ko instead of the firm AKL.

¶ 13        In early October 2015 (according to documents ultimately filed on Engle's behalf), firm partner Augustine informed attorneys Richardson and Ko that he would retire and close the AKL firm at the end of the month. Richardson decided to purchase AKL's pending practice. He moved to a new office space and hired new employees. During this time, Richardson and Ko tried to make the transition as smooth as possible and "get up to speed" with all the cases.

¶ 14        On November 10, 2015, Richardson and Ko, now of Richardson Maraj, LLC, filed appearances on behalf of Engle. They did not file an answer or request an extension of time to answer.

¶ 15        On November 19, 2015, the ALJ denied, without prejudice, Engle's motion to disqualify opposing counsel.

¶ 16        On December 1, 2015, the ALJ issued an order holding Engle in default for failure to file an answer and transferred the matter to defendant, the Department's Real Estate Appraisal Administration and Disciplinary Board (Board), for its deliberations on the pleadings. The ALJ continued the matter for status to January 12, 2016.

¶ 17        On January 11, 2016, Engle's counsel filed a 118-page answer to the complaint and a motion to vacate the default. The motion petitioned the Department and the "Director of the Division of Real Estate" to vacate the default order. Counsel explained that AKL, Engle's previous counsel, had closed after the retirement of partner Augustine on October 30, 2015, which followed the death in July of partner Levens. Counsel explained their attempts to make a smooth transition from AKL to Richardson Maraj, LLC, despite the difficult circumstances, and stressed the extensive pleadings already filed in this case by AKL. Counsel stated that they had been retained by Engle on November 1, 2015, and urged, in the spirit of fairness, that Engle's license should not be lost due to an oversight by counsel during the transition from AKL to Richardson Maraj, LLC.

¶ 18        On January 12, 2016, the ALJ issued an order that noted the case had been transferred to the Board on the pleadings and continued the matter for a status hearing on March 1, 2016.

¶ 19        On January 13, 2016, the Board filed its report of findings of fact, conclusions of law, and recommendation that Engle's license be revoked. Specifically, the Board noted the ALJ's December 1, 2015, default order for failure to answer and concluded that Engle had violated the provisions of the Act as alleged in the complaint. The Board had signed its report on January 12, 2016, and did not mention therein Engle's January 11 answer or motion to vacate the default order.

¶ 20        On February 2, 2016, Engle's counsel timely filed a motion to deny the Board's recommendation and remand the matter to the ALJ for a hearing on the merits. The motion argued that Engle failed to meet the answer deadline due to the oversight of her former counsel, the now-defunct law firm AKL, because shortly after a partner's death, the remaining AKL partner gave only one month's notice before he retired and closed the firm on the last business day before the deadline to file Engle's answer. Further, Engle, who was unaware of the answer

- 4 -

deadline through no fault of her own, hired current counsel 10 days after the deadline had expired. The motion summarized the procedural history of the case and the circumstances of Engle's prior 2013 and current 2014 applications. The motion also briefly explained the alleged facts showing Engle's innocence of the charges against her and asked the Secretary not to impose the excessive and overly harsh penalty of revocation of Engle's license because the answer deadline oversight was not her fault.

¶ 21 On March 1, 2016, the ALJ issued an order that noted the case had been transferred to the Board on the pleadings and continued the matter for a status hearing on April 19, 2016.

¶ 22 On March 8, 2016, the Secretary of the Department's Division of Real Estate issued a final order that (1) denied Engle's motion to deny the Board's recommended license revocation penalty and to remand the case to the ALJ for a hearing and (2) revoked Engle's license. The Secretary stated that Engle's motion seemed to be based on her personal view that the license revocation was excessive and overly harsh and that she must be afforded an opportunity to present a defense to the allegations. The Secretary also stated that Engle was represented by counsel throughout the proceedings, had more than four months to answer the complaint, and had a fair opportunity and generous amount of time to present a defense. According to the Secretary, "[i]t was well within [Engle's] control to follow the rules of procedure applicable to disciplinary proceedings before the Department and, therefore to 'have her day in court.' " The Secretary concluded that the Board's recommendation was consistent with the discipline imposed in prior similar cases and found that a remand for a hearing was not warranted for a clearer understanding of the issues and that substantial justice was done in this case. Although the final order acknowledged that the Board had considered the matter on the pleadings pursuant to the ALJ's December 1, 2015, default order and that Engle's counsel had filed a motion to vacate that default order on January 11, 2016, the final order did not address the motion to vacate. There is no indication in the record that Engle's January 11 motion to vacate was considered or decided by the ALJ, the Board, or the Secretary.

¶ 23 Engle timely filed in the circuit court a complaint for administrative review and argued that her due process rights were violated when her license was revoked based on a default order rather than a hearing on the merits. Engle also argued that her failure to file an answer by the November 2, 2015, deadline was due to unforeseen and unavoidable circumstances, *i.e.*, the death of her initial attorney in July 2015, the retirement of the remaining partner and closing of the AKL law firm on October 30, 2015, and the answer deadline oversight during the difficult transition of AKL's pending cases to the successor law firm.

¶ 24 The circuit court affirmed the final administrative decision revoking Engle's license, and she timely appealed.

¶ 25 II. ANALYSIS

¶ 26 Engle challenges the Department's decision to revoke her license on the grounds that (1) she was deprived of her due process right to a hearing, which she did not forfeit, (2) her motion to vacate the ALJ's default order should have been considered and granted, (3) the Board should have held a hearing to establish a factual basis for its findings and recommended sanction of license revocation, and (4) the Department failed to establish that the revocation of Engle's license was consistent with the discipline imposed in prior cases.

A. Standard of Review

The Department's final decisions issued under the Act are subject to judicial review pursuant to section 3-101 *et seq.* of the Code of Civil Procedure (Code) (735 ILCS 5/3-101 *et seq.* (West 2014)), which is commonly referred to as the Administrative Review Law. 225 ILCS 458/15-20(a) (West 2014). On administrative review, this court "reviews the administrative agency's final decision, not the circuit court's decision. [Citations.]" *Sloper v. City of Chicago, Department of Administrative Hearings*, 2014 IL App (1st) 140712, ¶ 15. The plaintiff seeking administrative review bears the burden of proof. *Marconi v. Chicago Heights Police Pension Board*, 225 Ill. 2d 497, 532-33 (2006).

The applicable standard of review depends on whether the question presented is one of fact, one of law, or a mixed question of fact and law. *Kouzoukas v. Retirement Board of the Policemen's Annuity & Benefit Fund*, 234 Ill. 2d 446, 463 (2009). An administrative agency's decision on a question of law is not binding on a reviewing court and is subject to *de novo* review. *Wolin v. Department of Financial & Professional Regulation*, 2012 IL App (1st) 112113, ¶ 19. However, an agency's interpretation of a statute remains relevant where there is a reasonable debate about the meaning of the statute. *Board of Education of the City of Chicago v. Illinois Educational Labor Relations Board*, 2015 IL 118043, ¶ 15.

In contrast, an agency's findings and conclusions on questions of fact are held to be *prima facie* true and correct. *Id.* "[W]hen a court reviews an agency's factual findings, the court will not reweigh the evidence or substitute its judgment for that of the agency. Rather, the court simply determines whether the findings of fact are against the manifest weight of the evidence." *Id.* An agency's finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident. *Windsor Clothing Store v. Castro*, 2015 IL App (1st) 142999, ¶ 26. "The mere fact that an opposite conclusion is reasonable or that the reviewing court might have ruled differently will not justify reversal of the administrative findings." *Abrahamson v. Illinois Department of Professional Regulation*, 153 Ill. 2d 76, 88 (1992).

Mixed questions of law and fact are reversible if they are clearly erroneous. *Windsor Clothing Store*, 2015 IL App (1st) 142999, ¶ 26. A mixed question of law and fact asks whether an undisputed rule of law as applied to established facts is or is not violated. *Board of Education of the City of Chicago*, 2015 IL 118043, ¶ 16. An agency's decision "is 'clearly erroneous' when the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Id.*

"Even if the administrative decision is determined to be correct under the foregoing standards of review, the discipline imposed by the agency may still be reversed if it is found to constitute an abuse of discretion." *Kazmi v. Department of Financial & Professional Regulation*, 2014 IL App (1st) 130959, ¶ 21. "A sanction will be found to be an abuse of discretion if it is arbitrary and capricious, or if the sanction is overly harsh in view of the mitigating circumstances." *Id.* Nevertheless, an administrative agency's decision regarding the appropriate sanction to administer to protect the public is given deference by reviewing courts. *Abrahamson*, 153 Ill. 2d at 99.

B. The Parties' Arguments

Engle argues that the Department's revocation of her license without a hearing violated due process because she did not forfeit her right to a hearing. Specifically, Engle argues that even though her January 11, 2016, answer was not filed by the November 2, 2015, deadline set by

the ALJ, her answer was filed before the Board signed, on January 12, 2016, its report recommending the revocation of her license and before the final administrative decision was issued on March 8, 2016. Furthermore, when Engle filed her answer, which responded to the 127-count complaint and presented a meritorious defense to the allegations against her, she also filed a motion to vacate the ALJ's December 1, 2015, order that held her in default.

¶ 35    Her motion to vacate explained that the answer deadline was missed as a result of counsel's oversight during the chaotic circumstances under which the AKL law firm, after a partner's unexpected death in July 2015, closed abruptly on Friday, October 30, 2015, just before Engle's answer was due the following Monday. The chaotic circumstances included the transfer of AKL's pending cases to the firm of Engle's current counsel, which was moving into a new office space and hiring staff. Nevertheless, Engle argued that current counsel quickly and carefully answered the 127-count complaint against her shortly after the December and New Year holiday season. Engle also argued that the March 2016 final decision was a default judgment against her, and defendants improperly ignored her timely motion to vacate the ALJ's December 2015, default order and rushed to issue the drastic March 2016 default judgment revoking her license despite her showing of good cause to allow her answer to be filed in January 2016 and despite the absence of hardship on the Department to hold a hearing on the merits.

¶ 36    Engle also argues, without waiving her arguments about the impropriety of the default judgment, that when the Board proceeded on the ALJ's default order, the Board improperly issued its report by considering only the allegations of the complaint and failing to conduct any type of prove-up hearing to establish a factual basis for its findings and recommended sanction. Finally, Engle argues that the Department improperly imposed the overly harsh discipline of revocation of her license without stating the reasons for its decision and, thus, this court cannot determine whether the discipline imposed on Engle was consistent with the discipline imposed in prior cases.

¶ 37    In response, defendants argue that the final decision finding Engle in default and revoking her license was neither an abuse of discretion nor contrary to law. Defendants contend that the final decision was consistent with the statutory provisions governing disciplinary proceedings. Furthermore, Engle was granted an ample opportunity to file an answer but did not do so within the allotted time, did not file a motion to extend the November 2, 2015, answer deadline, and did not provide any reasonable excuse for her failure to comply with that deadline. Also, defendants assert that Engle failed to show she acted diligently after the ALJ's December 1, 2015, order held her in default because almost six weeks elapsed before she filed, on January 11, 2016, her answer and motion to vacate the default order.

¶ 38    In addition, defendants allege that Engle failed to comply with the Act and the Department's rules because her January 11 answer was not verified and her February 2, 2016, motion, which asked the Secretary to deny the Board's recommendation and to remand the matter for a hearing on the merits, did not include an affidavit to support alleged facts that were not part of the record. Notwithstanding these alleged deficiencies, defendants argue that Engle's assertions in her February 2 motion do not show that she, due to circumstances beyond her control, could not comply with the rules and orders governing her disciplinary proceeding. Finally, defendants argue that the revocation of Engle's license was not an abuse of discretion because it was reasonable, was not arbitrary, and was related to the Act's purpose to prevent injury to the public by ensuring that the real estate appraiser occupation is practiced with

competence, honesty, and integrity. Specifically, defendants assert that, pursuant to the ALJ's December 2015, default order, the complaint allegations against Engle—*i.e.*, she failed to sufficiently explain appraisal experience work hours in her work log and provided false information in her application—were deemed admitted and, thus, she was not qualified to receive an appraiser license.

¶ 39                                    C. The Agency's Procedures

¶ 40        First, we address *de novo* whether the administrative proceeding violated Engle's right to due process. See *Sudzus v. Department of Employment Security*, 393 Ill. App. 3d 814, 824 (2009).

¶ 41        Here, there is no dispute that (1) Engle had notice of the complaint, (2) the ALJ's October 14, 2015, order—which denied Engle's motion to dismiss the complaint and ordered her to file an answer by November 2, 2015—was sent to the address of her counsel of record, (3) neither Engle nor her counsel filed an answer or motion for an extension of time by the November 2 deadline, and (4) the ALJ had the authority to issue the December 2015, order that held Engle in default and transferred the matter to the Board for its consideration on the pleadings only. Generally, procedures similar to the answer deadline and default provisions at issue here have been found to provide adequate constitutional due process safeguards. See *Glassworks, Inc. v. Human Rights Comm'n*, 164 Ill. App. 3d 842, 850 (1987). However, we find that the agency's handling of Engle's late answer, motion to vacate the ALJ's December 2015 default order, and motion to deny the Board's recommendation and to remand for a hearing (both of which motions were not in any way time barred) is at variance with certain agency rules or procedures concerning answers, defaults, and motions. These discrepancies compel our conclusion that Engle was denied due process.

¶ 42        A professional license constitutes a property interest entitled to due process protection (*Smith v. Department of Registration & Education*, 412 Ill. 332, 341 (1952)), and due process standards apply to proceedings to revoke a professional license (*Bruns v. Department of Registration & Education*, 59 Ill. App. 3d 872, 876 (1978)).

¶ 43        "[A]n administrative proceeding is governed by the fundamental principles and requirements of due process of law. However, due process is a flexible concept and requires only such procedural protections as fundamental principles of justice and the particular situation demand." *Abrahamson*, 153 Ill. 2d at 92. "An administrative hearing comports with due process where the parties are given the opportunity to be heard, the right to cross-examine adverse witnesses and an impartial ruling based on the evidence." *Gonzalez v. Pollution Control Board*, 2011 IL App (1st) 093021, ¶ 42. A court will find a due process violation only if there is a showing of prejudice. *Id.* A claim that an administrative proceeding violated an individual's right to due process presents a question of law and therefore is subject to *de novo* review. *Sudzus*, 393 Ill. App. 3d at 824.

¶ 44        Relevant to this appeal, the Act provides that when the Department commences a disciplinary proceeding by issuing a complaint, the Department must notify the licensee that the failure to file an answer will result in a default being entered against the licensee. 225 ILCS 458/15-15(b) (West 2014). "If the licensee *** fails to file an answer after service of notice, *** her license may, at the discretion of the Department, be suspended, revoked, or placed on probationary status and the Department may take whatever disciplinary action it deems proper, including limiting the scope, nature, or extent of the person's practice, without a hearing." *Id.*

"At the time and place fixed in the notice, the Board shall conduct [a] hearing of the charges, providing both the accused person and the complainant ample opportunity to present in person or by counsel such statements, testimony, evidence, and argument as may be pertinent to the charges or to a defense thereto." *Id.* § 15-15(c). When the Board's report of its proposed findings, conclusions, and recommendation to the Secretary is served on the licensee, the licensee has 20 days to present the Secretary with a written motion for "either a rehearing, a proposed finding of fact, a conclusion of law, or an alternative sanction, and shall specify the particular grounds for the request." *Id.* § 15-15(d).

¶ 45    "If the Secretary is not satisfied that substantial justice has been done, the Secretary may order a rehearing by the Board or other special committee appointed by the Secretary, may remand the matter to the Board for its reconsideration of the matter based on the pleadings and evidence presented to the Board, or may enter a final order in contravention of the Board's recommendation." *Id.* The Secretary has the authority to appoint a licensed Illinois attorney to serve as the hearing officer in any action to suspend, revoke the license of, or otherwise discipline any licensee, and the hearing officer shall have full authority to conduct the hearing. *Id.* § 15-15(h). The Act expressly adopted and incorporated the Illinois Administrative Procedure Act (Procedure Act) (5 ILCS 100/1-1 *et seq.* (West 2014)), but the Act shall control over any conflict between it and the Procedure Act. 225 ILCS 458/15-20(c) (West 2014).

¶ 46    Relevant to this appeal, the Procedure Act provides that an agency's rules establishing procedures may include default procedures (5 ILCS 100/10-10 (West 2014)), all parties in a contested case shall be afforded an opportunity for a hearing after reasonable notice (*id.* § 10-25(a)), all parties shall be afforded an opportunity to be represented by legal counsel and to respond and present evidence and argument (*id.* § 10-25(b)), and, unless precluded by law, disposition of any contested case may be made by default (*id.* § 10-25(c)). In a contested case, when a majority of the agency officials who are to render the final decision has not heard the case or read the record and the decision is adverse to the non-agency party, the final decision shall not be made until a proposed decision is served on the parties and the adversely affected party is afforded an opportunity to file exceptions and to present a brief and, if the agency permits, oral argument to the agency officials who are to render the decision. *Id.* § 10-45. An agency's decision in a contested case shall be void unless the proceedings are conducted in compliance with the provisions of the Act, except to the extent the agency has adopted its own rules for contested cases. *Id.* § 10-50(c).

¶ 47    The rules adopted by the Department for administrative proceedings provide, *inter alia*, that the failure to appear at a scheduled hearing is deemed a waiver of the right to present evidence and, after the Department presents an offer of proof that the licensee was given proper notice, the Board shall make its recommendation. 68 Ill. Adm. Code 1110.100 (2014). The licensee shall file a written answer within 10 days of the filing of the complaint; if a hearing officer issues "a [n]otice to plead or be held in default" and the licensee does not file an answer or other responsive pleading by the designated deadline, then the licensee "will be held in default." 68 Ill. Adm. Code 1110.120(a), (c) (2014).

¶ 48    The Department also adopted rules as to motions. "Motions will be made in writing, unless otherwise allowed by the [Board], hearing officer or Director during the course of a hearing." 68 Ill. Adm. Code 1110.210(a) (2014). Allowed written motions include requesting dismissal of a complaint for failure to state facts which, if true, would form a sufficient basis for discipline; requesting a continuance or extension of time to comply with any provision of the

rules; requesting an order granting a rehearing or additional hearings; requesting an order that the Board or hearing officer deem a failure to file an answer to be an admission of the truth of the allegations contained in the complaint; and requesting that an order be vacated or modified. *Id.* "When any motion is filed, the [Board], hearing officer or Director may allow oral argument if this is deemed necessary to a fuller understanding of the issues presented. Where facts are alleged as a basis for the request, which are not a part of the record in the case, an affidavit will be attached to the motion setting forth such facts." 68 Ill. Adm. Code 1110.210(b) (2014).

¶ 49 "Where a [Board] or hearing officer grants any motion which would dispose of the case, it shall first afford the parties an opportunity to cure the defects in pleading or proof, and the ruling will be construed as a recommendation, rather than as a final agency decision; in such a case a [Board] Report setting forth the ruling, the reasons therefore, and the effect of the ruling will be forwarded to the Director." 68 Ill. Adm. Code 1110.240(k) (2014). Finally, the "Director may grant variances from these rules in individual cases where he finds that: 1) The provision from which the variance is granted is not statutorily mandated; 2) No party will be injured by the granting of the variance; 3) The rule from which the variance is granted would, in the particular case, be unreasonable or unnecessarily burdensome." 68 Ill. Adm. Code 1110.270(a) (2014).

¶ 50 D. Due Process and Defaults

¶ 51 Although the Act and the agency's rules provide that the failure to file an answer will result in a respondent being held in default (225 ILCS 458/15-15(b) (West 2014); 68 Ill. Adm. Code 1110.120(c) (2014)), a "default order is not the same as a default judgment" (*In re Haley D.*, 2011 IL 110886, ¶ 64). "A default order precedes a default judgment, and additional steps must normally be taken before judgment is actually entered." *Id.* (the mere finding of a default is not final and does not even qualify as an immediately appealable interlocutory order).

¶ 52 Furthermore, the agency's rules permit motions requesting an extension of time to comply with rule provisions, requesting a rehearing or additional hearing, and requesting that an order be vacated or modified. 68 Ill. Adm. Code 1110.210(a) (2014). There is no limitation in the rules that prevents a party from filing these types of motions at any time prior to the issuance of the agency's final decision, and the rules indicate that either the ALJ, the Board, or the Director has the authority to rule on such motions depending on the phase of the proceedings at the time a particular motion had been filed. See 68 Ill. Adm. Code 1110.170(a), (c), 1110.210(b), 1110.240(k), 1110.270(a) (2014).

¶ 53 Consequently, Engle's January 11, 2016, motion to vacate the ALJ's December 2015 default order was not time barred and was permissible even though the ALJ already had transferred the case to the Board for its deliberations on the pleadings. Furthermore, there is no indication in the record that the ALJ and Board were aware of Engle's January 11 late answer and motion to vacate the ALJ's default order before the Board signed its report on January 12 and filed it on January 13. Although the agency's March 8, 2016, final order mentioned that Engle had filed the January 11 motion to vacate, the final order did not discuss or decide that motion. There is no indication in the record that Engle's January 11 motion to vacate the default order was considered or decided by the ALJ, the Board, or the Director on behalf of the Secretary.

¶ 54    In addition, there is no indication in the record that defendants, consistent with the agency's rules, filed a motion to request that the Board or ALJ deem Engle's failure to file a timely answer to be an admission of the truth of the allegations contained in the agency's complaint. See 68 Ill. Adm. Code 1110.210(a)(9) (2014); see also *Dimensions Medical Center, Ltd. v. Elmhurst Outpatient Surgery Center, L.L.C.*, 307 Ill. App. 3d 781, 798 (1999) (an agency cannot ignore its own regulations in issuing a decision). This omission is significant because the Department had the burden of proof and the Board may make a discipline recommendation "only where the Department establishes by clear and convincing evidence that the allegations of the Complaint are true." 68 Ill. Adm. Code 1110.190(a) (2014). Furthermore, neither the ALJ's October 14, 2015, order setting the answer deadline nor the ALJ's December 1, 2015, order holding Engle in default indicated that her failure to timely answer resulted in her admission of the truth of the allegations against her. Although defendants argue that the ALJ's July 28, 2015, order had warned Engle that her failure to answer or otherwise plead by September 8, 2015, would result in a default order and "the entry of a finding in favor of the Department on all allegations," the record establishes that Engle did "otherwise plead" by filing her motion to dismiss the complaint by that September 8 deadline.

¶ 55    Regarding defaults, this court has held that there is no due process violation in an administrative agency proceeding where the negligence or intentional conduct of a party results in the entry of a default judgment against the party. *Wolin*, 2012 IL App (1st) 112113, ¶¶ 28, 48 (no due process violation where the agency found the respondent physician in default because he had forfeited his right to a hearing when he refused to comply with the agency's multiple orders to produce medical records that were subject to valid record-release authorizations); *Metz v. Illinois State Labor Relations Board*, 231 Ill. App. 3d 1079, 1086, 1093 (1992) (no due process violation where the respondent filed a late answer, the ALJ gave the respondent an opportunity to respond to the charging party's motion for default, and then the agency strictly enforced its regulation that the failure to file a timely answer resulted in the respondent's admission of the allegations in the complaint); *Glassworks*, 164 Ill. App. 3d at 849-50 (no due process violation where the default judgment was entered against the uncooperative respondent company for failure to comply, without good cause, with reasonable procedural rules—*i.e.*, the respondent's officers failed to appear at the scheduled fact-finding conference because they were on vacation—and the respondent was afforded review concerning the propriety of the default order).

¶ 56    However, unlike the defaulted parties in *Wolin*, *Metz*, and *Glassworks*, Engle did not receive either multiple opportunities to comply with the order that eventually led to the default, or an opportunity to respond to any motion for default or request that her failure to timely file an answer be deemed an admission of the truth of the allegations contained in the complaint. Moreover, she was not afforded review concerning the propriety of the default order. Also, Engle did not fail to appear at a scheduled hearing; rather, a hearing on the merits was never scheduled because the agency issued a default judgment against her despite her pending motion to vacate the ALJ's default order.

¶ 57    In addition, Engle alleged the existence of good cause to explain her failure to file a timely answer. Specifically, she alleged that her failure to file her answer by the November 2 deadline was not due to her intentional conduct but rather was due to an unintentional oversight by her counsel during chaotic circumstances involving the transition of pending cases from the abruptly closed AKL law firm to Engle's current counsel. Engle alleged that the chaotic

transition period between the law firms occurred at the same time as her November 2 answer deadline and the ALJ's December 1 default order. Furthermore, the record establishes that Engle had actively participated in the proceedings before the alleged chaotic period that resulted in the default order, where she had filed a motion to dismiss the agency's complaint, a reply to the agency's response, and a motion to disqualify the Department's counsel. She also alleged that her 118-page January 11 answer thoroughly responded to the agency's 127-count complaint.

¶ 58    We reject defendants' argument that Engle's January 11 answer and motion to vacate and her February 2 motion to deny the Board's recommendation and to remand for a hearing should not be considered because those documents do not comply with the Act or the agency's rules. Specifically, defendants state that Engle's answer was not verified (see 225 ILCS 458/15-15(b) (West 2014)) and her motions lacked affidavits setting forth the alleged facts about counsel's unintentional oversight resulting in the default order (see 68 Ill. Adm. Code 1110.210(b) (2014)). The Act and rules do not indicate that these technical deficiencies in pleadings or motions shall serve either as grounds for a default order or a basis to ignore a motion to vacate a default order. To the contrary, the rules provide that if the Board or ALJ grants any motion that would dispose of the case, "it shall first afford the parties an opportunity to cure the defects in pleading or proof." 68 Ill. Adm. Code 1110.240(k) (2014). Also, the Director has discretion to grant variances from the rules in individual cases when the variance will not injure any party and the application of the rule in the particular case would be unreasonable or unnecessarily burdensome. 68 Ill. Adm. Code 1110.270 (2014). Given the severity of the recommended discipline of license revocation at issue in this case, Engle should have been allowed to cure any technical defect in her answer or motion to vacate with the appropriate verification or affidavit.

¶ 59    In evaluating a due process claim, courts should consider (1) the private interest that will be affected by the official agency action, (2) the risk of an erroneous deprivation of such interest and the value, if any, of any additional or substitute procedural safeguards, and (3) the agency's interest, including the administrative burdens that any additional or substitute procedural safeguards would entail. *People ex rel. Birkett v. Konetski*, 233 Ill. 2d 185, 201 (2009). Engle's license was a property right within the meaning of the constitutional guarantees of due process of law (*Smith*, 412 Ill. at 341), and there was a significant risk that her license may have been revoked erroneously. Specifically, Engle filed a detailed and lengthy, albeit late, answer alleging facts showing a meritorious defense to the many allegations against her. However, no fact-finding hearing was held, and defendants issued a default judgment against her without fully complying with the agency's rules about considering and adjudicating motions to vacate orders and, in situations involving default orders, obtaining a ruling deeming a licensee's failure to file a timely answer to be an admission of the truth of the allegations contained in the agency's complaint. Finally, the agency's interest in protecting the public by ensuring that licensed appraisers are competent and honest is substantial, but allowing Engle to present evidence and cross-examine witnesses at a hearing does not impose any additional procedures that would increase the agency's administrative and fiscal burdens. This is not a matter where defendants had expended time and resources to prepare for and attend a scheduled hearing on the merits but the licensee failed to appear and avail herself of that opportunity to refute the allegations against her.

¶ 60     Accordingly, we find that Engle was denied due process where (1) she filed a motion to vacate the default order, which was not time barred and was allowed under the agency's rules, but neither the Board nor the Director on behalf of the Secretary nor an ALJ considered or decided that motion; (2) the Department, after the ALJ had held Engle in default, did not file a written motion to request that the Board or ALJ deem Engle's failure to file a timely answer to be an admission of the truth of the allegations against her; and (3) no ruling deeming the allegations admitted was made until, arguably, the agency's final order, which had the effect of a default judgment but was issued despite Engle's pending motion to vacate the default order.

¶ 61                     E. The Agency's Discretion to Hold a Hearing

¶ 62     Next, we address Engle's claim that the agency's final decision to revoke her license and deny her request to remand for a hearing before the ALJ was an abuse of discretion and failed to satisfy the accomplishment of substantial justice under the circumstances of this case.

¶ 63     According to the Act and Department rules, after the Board issues its report, a licensee may file a motion for a rehearing or additional hearings, a proposed finding of fact, a conclusion of law, or an alternative sanction. 225 ILCS 458/15-15(d) (West 2014); 68 Ill. Adm. Code 1110.240(g) (2014). When considering such a motion, if the Director determines that substantial justice has not been done, the Director shall order a rehearing. 225 ILCS 458/15-15(d) (West 2014). An abuse of discretion occurs when the decision is arbitrary or capricious or no reasonable person would agree with it. *Windsor Clothing Store*, 2015 IL App (1st) 142999, ¶ 48. "A decision is arbitrary and capricious if it contravenes legislative intent, fails to consider a critical aspect of the matter, or offers an explanation so implausible it cannot be considered an exercise of the agency's expertise." *Id.* In determining whether there has been an abuse of discretion, this court may not substitute its judgment for that of the agency or even determine whether the agency exercised its discretion wisely. *Id.*

¶ 64     In rejecting Engle's motion to deny the Board's recommendation and to remand for a rehearing, the Director, on behalf of the Secretary, found that substantial justice was done in this case because Engle "had ample opportunity to present a defense in this matter" where she had over four months within which to file an answer to the complaint but instead had filed motions and then filed her late answer six weeks after the ALJ had held her in default. The Director also stated that "it was well within [Engle's] control to follow the rules of procedure applicable to disciplinary proceedings," so she could not "now complain that her 'license should not be lost due to oversight' " because her failure to comply with the rules had cost her "her day in court." Furthermore, the Director stated that Engle "was represented by counsel throughout the course of the proceedings before the Department."

¶ 65     We find that the decision to deny Engle's request to remand for a hearing on the merits was an abuse of discretion under the particular circumstances of this matter. The Director's decision asserted that Engle had "more than four months" to answer the Department's June 29, 2015, complaint and criticized her use of that time to move the ALJ to dismiss the complaint and disqualify the agency's counsel. However, the agency's rules and the ALJ permitted Engle to file her motion to dismiss the complaint in lieu of her answer, and we find no reason to penalize her for exercising that option. Consequently, when the ALJ denied Engle's motion to dismiss on October 14, 2015, she only had about two weeks—not four months—to file her answer by the November 2, 2015, deadline.

¶ 66 Furthermore, the Director failed to consider certain critical aspects of this matter. As discussed in detail above, defendants failed to consider and adjudicate Engle's motion to vacate the ALJ's default order, which was properly filed pursuant to the agency's rules, and there was no ruling that deemed Engle's failure to file a timely answer to be an admission of the truth of the allegations against her. In addition, both Engle's motion to vacate the default order and motion to deny the Board's recommendation and to remand for a hearing alleged the existence of good cause to explain the "chaotic circumstances" that caused Engle's counsel to miss the answer deadline due to inadvertent oversight. Under Engle's alleged facts showing good cause, it was unreasonable to conclude that she was actually or sufficiently represented by counsel during the chaotic period when cases were being transferred to the successor law firm and that the failure to file an answer by the November 2 deadline was a matter well within her control.

¶ 67 We conclude that the Director's decision denying Engle's motion to remand the matter to the ALJ for a hearing on the merits was an abuse of discretion.

¶ 68                                          III. CONCLUSION

¶ 69 Because we hold that (1) the agency's proceeding denied Engle's right to due process and (2) the Director abused his discretion when he denied Engle's motion to deny the Board's recommendation and to remand the matter to the ALJ for a hearing, we need not consider Engle's arguments that (3) the revocation of her license was improper without some type of prove-up proceeding and (4) the final decision failed to establish that the discipline imposed on her was consistent with prior cases.

¶ 70 Accordingly, we reverse the judgment of the circuit court that affirmed the agency's final decision, which revoked Engle's license and denied her motion to deny the Board's recommendation and to remand the case to the ALJ for a hearing. We remand this matter to the agency for a hearing on the allegations of the Department's complaint.

¶ 71 Circuit court judgment reversed.

¶ 72 Board decision reversed and remanded.